S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STACIE F. BECKERMAN**, OSB #06923
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
E-mail: Stacie.Beckerman@usdoj.gov
       Attorneys for the United States

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:14-cr-00045-KI |
| v. | **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |
| **TAQUARIUS FORD,** | |
| **Defendant.** | Detention Hearing: April 1, 2014, at 1:30 p.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Stacie F. Beckerman, Assistant United States Attorney, hereby respectfully submits this memorandum in support of defendant Taquarius Ford's pretrial detention.

### INTRODUCTION

A federal grand jury has returned an indictment charging defendant Taquarius Ford with sex trafficking at least three victims by force, fraud, and coercion, in a sex trafficking

conspiracy in the District of Oregon and elsewhere, and with sex trafficking by force, fraud, and coercion here in the District of Oregon.

As outlined in more detail in the attached Detention Order, entered in the Southern District of Florida last month, defendant recruited young women in suburban shopping malls by posing as a modeling executive and promising them a modeling contract. He convinced them to travel to Los Angeles, wined and dined them in Hollywood, and then told them that if they want to be models, they must first work for him as prostitutes. In one case, he recruited an 18-year-old girl at an Idaho mall, flew her to Los Angeles, and took her to a party at the Playboy Mansion. He then coerced her to work in his escort business, and when she protested, he forcibly raped her, with his hands around her neck, while calling her a "whore." He and his co-defendant also threatened to harm the victim's family if she did not work for them. Thereafter, defendants transported the victim to Portland for the purpose of prostitution. Thanks to a vigilant hotel clerk and a diligent Port of Portland police officer, that young victim was rescued.

Further investigation revealed that defendant had recruited other young women into his "escort" business, using the same *modus operandi*. Indeed, detectives found a lengthy autobiography penned by defendant, in which he describes his recruitment tactics in suburban shopping malls, and brags about the vast wealth he has enjoyed for the past decade as a result of his successful "escort" business. Tragically, further investigation also revealed a second rape victim.

### DETENTION HEARING: SOUTHERN DISTRICT OF FLORIDA

The Federal Bureau of Investigation arrested defendant in late February, when he arrived in Florida on a flight from Sweden. A U.S. Magistrate Court Judge in the U.S. District Court for the Southern District of Florida held a detention hearing on February 21, 2014, ordered defendant held on a temporary bond, and scheduled a removal hearing.

Thereafter, defendant requested another detention hearing, which was held on March 7, 2014. The case agent was required to travel from Portland to Miami to testify at the detention hearing. Following the contested hearing, the court ordered that defendant should be detained pending trial, finding that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." Detention Order, at page 1 (attached hereto as Exhibit A). The Florida court found that the "weight of the evidence against defendant is substantial," and that "[b]ased on the seriousness of the offense, the defendant constitutes a danger to persons in the community." Detention Order, at pages 2-3.

For the same reasons, the government asks this Court to detain defendant pending trial.

### APPLICABLE LAW

1.  **Rebuttable Presumption of Detention**

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, which governs the detention of a defendant pending trial, the Court shall order a defendant detained if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

community." The United States bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

Where, as here, there is probable cause to believe that defendant committed sex trafficking by force, fraud, and coercion, there exists a rebuttable presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(D). The charged offenses carry a mandatory minimum sentence of fifteen years, a statutory maximum of life imprisonment, and a rebuttable presumption that no release conditions will reasonably assure the safety of the community or the appearance of the defendant.

Thus, in this case, the burden of proof shifts to the defendant to rebut the presumption of dangerousness. If Ford offers nothing to rebut the presumption, the Court must detain him. Even if Ford could rebut the presumption – and he cannot – the presumption does not disappear, but continues to carry evidentiary weight. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)") (*internal quotations and citation omitted*).

Only if a defendant proffers evidence to rebut the presumption of dangerousness, the Court should then consider the following factors to determine if there are any conditions of release that will reasonably assure the appearance of the defendant and the

safety of the community:

    (1)    the nature and circumstances of the offense charged, "including whether the offense is a . . . violation of section 1591";

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including (A) the person's character, physical and mental condition, family and community ties, employment, financial resources, criminal history, history relating to drug or alcohol abuse, and record concerning appearance at court proceedings; . . . and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

## FACTORS SUPPORTING DETENTION HERE

Defendant cannot meet his burden of rebutting the presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." Even if he could rebut that presumption, all of the § 3142(g) factors require detention here.

    **1.    Nature and Circumstances of the Offense**

There are few offenses more dangerous, or more repulsive, than forcing a young woman to work as a prostitute by rape, and by threats to her family members.

    **2.    Weight of the Evidence**

The weight of the evidence against defendant is strong, as found by the Florida court following an evidentiary hearing, and supports detention here.

### 3.      History and Characteristics of the Defendant/Release Status

In his book, defendant describes a decade-long career trafficking young women, and living a lavish lifestyle as a result.   He is well-traveled, and he just recently returned from Sweden, where his co-defendant was working as a prostitute (she has since fled to the Ukraine, where she has dual citizenship).   Defendant's audacity is perhaps best illustrated by the anti-trafficking non-profit he purported to organize, while simultaneously trafficking young women.   Despite his prolific self-promotion as a modeling executive, an entrepreneur, and a philanthropist, he is nothing more than a violent pimp who has lived off exploiting women his entire adult life.

### 4.      Nature and Seriousness of the Danger to Young Women if Released

Congress recognized the serious risk of danger to the community posed by sex trafficking offenses, by including them as "presumption" offenses under 18 U.S.C. § 3142(e).   Specifically here, where two young victims have independently reported that defendant raped them, and where defendants have threatened one victim following police intervention, the risk of danger could not be greater.

### CONCLUSION

There is no release plan or conditions that will reasonably assure the Court that defendant will appear for trial, or that he does not pose a continuing danger to other young women.   Home detention or a bracelet is not enough to stop him, or to reasonably assure that he will show up to face these charges, which carry a lengthy mandatory minimum sentence.   For all of the reasons set forth herein, the government respectfully requests that the Court detain the defendant, on the following grounds:

- The offenses charged creates a rebuttable presumption in 18 U.S.C. § 3142(e) that no combination of conditions will reasonably assure the appearance of defendant or the safety of the community.

- Defendant has not rebutted by sufficient evidence to the contrary the presumption provided in 18 U.S.C. § 3142(e).

- No condition or combination of conditions will reasonably assure the appearance of defendant as required: well-traveled, recent international travel, access to cash.

- No condition or combination of conditions will reasonably assure the safety of other persons and the community: nature and duration of offense, multiple victims.

Respectfully submitted this 1st day of April, 2014.

                                                          S. AMANDA MARSHALL
United States Attorney

*Stacie F. Beckerman*
STACIE F. BECKERMAN
Assistant United States Attorney