UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

TAQUARIUS KAREAM FORD,

       Defendant.

No. 3:14 -cr-00045-HZ

OPINION & ORDER

Billy Williams
United States Attorney
Steven Mygrant
Leah Bolstad
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for United States of America

//

//

Laurie Bender
Laurie Bender, PC
735 SW First Avenue, 2nd Floor
Portland, OR 97204

Bryan Boender
Boender & Kerns
1188 Olive Street
Eugene, Oregon 97401

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

Before the Court is the Government's Motion for Restitution [343]. The Government seeks an order of restitution under the Trafficking Victims Protection Act of 2000 ("TVPA"), 22 U.S.C. §§ 7101–7114, in the amount of $222,700 and under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, in the amount of $2,257.79. The Court GRANTS the Motion in part and DENIES the Motion in part.

## BACKGROUND

After an eleven-day trial, a jury found Defendant guilty of one count of sex trafficking conspiracy, two counts of sex trafficking, and one count of obstruction. *See* Verdict Form, ECF 281. After trial, the Government filed a forfeiture motion seeking, in part, a money judgment against Defendant for the proceeds that he obtained as the result of his crimes. *See* Gov't Forfeiture Mot. 31, ECF 300. The Court granted the Government's forfeiture motion. *See* Nov. 3, 2017, Op. & Order, ECF 334. In particular, the Court held that the Government had proven by a preponderance of the evidence that Defendant obtained proceeds from sex trafficking victims A.F.W., T.H., A.C.W., C.H, and D.J. *Id.* at 15. Accordingly, the Court entered an *in personam* money judgment against Defendant in the amount of $600,000 ($222,700 in proceeds from sex trafficking victims and $377,300 in facilitating property). *Id.* at 16–17.

Now, the Government has filed its motion seeking restitution for the victims identified above for the same sums of money that the Court previously included in its forfeiture order. Specifically, the Government seeks the following amounts of the victims' losses under the TVPA based on Defendant's "gross proceeds" or "ill-gotten gains":

| | | |
|---|---|---|
| A. | A.F.W. | $210,000 |
| B. | T.H. | $7,000 |
| C. | A.C.W. | $700 |
| D. | C.H. | $2,000 |
| E. | D.J. | $3,000. |

Gov't Mot. for Restitution 11, ECF 343. In addition, the Government seeks restitution under the MVRA for T.H.'s mother, M.M., for shelter, clothing, transportation, and basic needs in the amount of $2,257.79. *Id.* Defendant has filed his brief in opposition to the Government's Motion. *See* Def.'s Resp. to Gov't Mot. for Restitution, ECF 348.

## STANDARDS

Courts must order restitution under the TVPA for any offense under chapter 77 which includes sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591. *See* 18 U.S.C. § 1593(a). The TVPA requires that the defendant pay the victim the "full amount of the victim's losses" which means "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(a)(3) (internal citation omitted). "The statutory language is clear that mandatory restitution includes not only the victims' actual losses, but also the defendant's ill-gotten gains." *United States v. Webster*, No.

08-30311, 2011 WL 8478276, at *3 (9th Cir. Nov. 28, 2011); *see also United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010) (same).

The MVRA requires mandatory restitution "in all sentencing proceedings for convictions . . . for, any offense . . . that is . . . a crime of violence[.]" 18 U.S.C. § 3663A(c)(1). The term "crime of violence" means:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The amount of restitution will be upheld "if the district court is able to estimate, based upon facts in the record, the amount of the [victims] loss with some reasonable certainty." *United States v. Doe*, 488 F.3d 1154, 1159–60 (9th Cir. 2007). Restitution need not be measured with "mathematical precision." *Id.*

## DISCUSSION

With regard to the TVPA, Defendant argues that the amount of restitution cannot be reasonably calculated based on the evidence adduced at trial. Alternatively, Defendant argues that some of the individuals for whom the Government seeks restitution do not qualify as victims under the TVPA because of their willing roles in the sex trafficking conspiracy. With regard to the MVRA, Defendant argues that it is inapplicable because sex trafficking does not qualify as a "crime of violence" subject to the statute. Assuming the MVRA does apply, Defendant also argues that third-party M.M. is not a victim in this case entitled to restitution.

//

//

I.      TVPA

A.      A.F.W.

Defendant argues that the Government did not sufficiently prove that A.F.W. earned $210,000 from her commercial sex acts for Defendant. The Government calculated that Defendant received $700 per day from A.F.W. for 300 days. Originally, the Government contended that A.F.W. made $300,000 over the course of 300 days in a year based, in part, on her testimony that she made "$30K in 30 days." *See* Nov. 3, 2017, Op. & Order. 15. The Court reduced that amount, finding that the Government had proven by a preponderance of the evidence that Defendant obtained $210,000 in proceeds from A.F.W. *Id.* at 15–16. Therefore, for the purpose or restitution, the Court remains convinced that the Government has proven that Defendant's ill-gotten gains from T.F.W.'s commercial sex acts total $210,000.

B.      T.H.

Similarly, the Court's forfeiture order included $7,000 in proceeds that Defendant obtained from T.H. Defendant argues that T.H. acted as a partner and willing participant of the sex trafficking conspiracy and cannot therefore be considered a victim for the purpose of restitution. Def.'s Resp. to Gov't Mot. for Restitution 12–13. The Court rejects this argument as a jury unanimously found Defendant guilty of sex trafficking T.H. Defendant's conclusory argument to the contrary is unavailing. *See* Jury Verdict, ECF 281; *see also* 18 U.S.C. § 1593(c) (defining victim for the purpose of restitution to mean "the individual harmed as a result of a crime under this chapter"). Therefore, the Government's motion for restitution as to T.H. is granted.

//

//

C. A.C.W.

The Court previously found that Defendant obtained $700 in ill-gotten gains from A.C.W. Defendant has not challenged the Government's motion for restitution for the same amount. Therefore, there is no need to disturb to the Court's prior ruling and the Government's motion as to A.C.W. is granted.

D. C.H.

The Court previously found that Defendant obtained $2,000 in ill-gotten gains from C.H. Defendant attacks the credibility of testimony from co-defendant Konia Prinster used to calculate this amount. Defendant also argues that C.H. was a willing participant in the prostitution activities. *See* Def.'s Resp. to Gov't Mot. for Restitution 8–9. The Court finds that the evidence cited in support of its forfeiture order applies with equal force here. Additionally, the jury determined that Defendant was guilty of sex trafficking conspiracy which included C.H. as a victim. *See* Jury Verdict; Second Superseding Indictment, ECF 104. The Court will not disturb the jury's finding that C.H. was a victim of Defendant's crimes. Accordingly, the Government's Motion as to C.H. is granted.

E. D.J.

Lastly, Defendant disputes the Government's request that Defendant be ordered to pay $3,000 in restitution to D.J. Defendant contends that the testimony supporting D.H.'s restitution amount lacks credibility. As with the previous victims, the Court found that the Government has proven that Defendant obtained $3,000 in proceeds from D.J.'s commercial sex acts. Likewise, D.J. was listed as a victim of Defendants sex trafficking conspiracy. The Court, therefore, grants The Government's Motion for Restitution as to D.J.

//

## II. MVRA

Defendant argues that the MVRA is inapplicable to Defendant's conviction for sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591. In particular, Defendant argues that sex trafficking does not qualify as a "crime of violence" subject to the MVRA. As stated above, the MVRA applies, in relevant part, to convictions for crimes of violence. 18 U.S.C. § 3663A(c)(1)(A)(i) (referencing 18 U.S.C. § 16).

The Court agrees with Defendant that his sex trafficking conviction cannot categorically qualify as a crime of violence under the force clause. Section 1591 provides an indivisible set of elements that includes nonviolent means of committing the offense. *Descamps v. United States*, 570 U.S. 254, 263–64 (2013). In other words, because the crime can be committed nonviolently through fraud, it cannot categorically qualify as a crime of violence. *See United States v. Fuertes*, 805 F.3d 485, 498–99 (4th Cir. 2015) (holding that crimes under § 1591(a) cannot qualify as a categorical crime of violence under the force clause).

The remaining question is whether the conviction qualifies under the residual clause of the statute. Once more, a crime qualifies as a crime of violence if it, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Section 16(b) "simply covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). The statutory language "requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to [the defendant's] crime." *Id.* at 7.

Some courts have found that sex trafficking of minor victims qualifies under the residual clause because it poses a substantial risk of physical harm to the victims. For example, in *United*

*States v. Willoughby*, the Sixth Circuit concluded that "the act of causing a minor to engage in prostitution—even when the defendant's act does not itself involve force—obviously does present a 'serious potential risk of physical injury' to the victim." 742 F.3d 229, 242 (6th Cir. 2014). The Sixth Circuit explained that:

> There is the risk of physical injury from the sex act itself; the risk of violence from johns, many of whom (like "Pistol" in this case) are addicted to drugs; and, not least, the risk of violence from the pimps themselves. The latter risk is present regardless of whether the pimp uses force to cause his victim to engage in a sex act; because there is always a serious risk that he will use force afterward, if she disobeys his rules, fails to obtain a client, or for any number of reasons.

*Id.*; *see also United States v. Craig*, 706 Fed. App'x 545 (11th Cir. Aug. 28, 2017) (following the Sixth Circuit). The Fourth Circuit in *Fuertes* rejected *Willoughby*, explaining that under the residual clause, the relevant inquiry is "not simply whether there is a substantial risk of injury" but rather, "whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime." *Fuertes*, 805 F.3d at 500. The Fourth Circuit concluded that sex trafficking cannot qualify as a crime of violence because, by its nature, it does not involve a substantial risk that the defendant will use force against the victim. *Id.*

The Court is convinced by the reasoning in *Fuertes* and concludes that sex trafficking of adult victims by force, fraud, or coercion under 18 U.S.C. § 1591 is not a crime of violence for the purpose of restitution under the MVRA. Because Defendant's crime of conviction can be accomplished through nonviolent means (e.g. fraud), it cannot, by its nature, pose a substantial risk of physical harm to the victims. Accordingly, the Court denies the Government's Motion with respect to restitution under the MVRA.

//

//

## CONCLUSION

The Court GRANTS the Government's Motion for Restitution [343] with regard to the TVPA and DENIES the motion as to the MVRA.

DATED this 10 day of March, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Court Judge