IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-cr-00045-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| TAQUARIUS KAREAM FORD, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Taquarius Ford moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release, the Court denies Defendant's motion.

---

[1] The government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding."

2 – ORDER

*Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

Defendant has not established extraordinary and compelling reason to reduce his sentence. Defendant argues his alopecia, mental health impairments, and undiagnosed sleep apnea increase his risk of becoming seriously ill from COVID-19; however, the CDC does not consider those afflictions as risk-factors.[2] Moreover, Defendant is only 42 years old, younger than the higher-risk groups identified by the CDC.[3] And Defendant is currently serving his sentence at FCI Butner Medium II, which, as of August 26, 2021, had only one inmate and three staff members with active cases of COVID-19.[4] Finally, Defendant concedes that he has declined a COVID-19 vaccine. As the CDC reports, however, "COVID-19 vaccines are safe and effective at preventing COVID-19, including severe illness and death."[5] Accordingly, the Court finds that compassionate release is not warranted.

///

///

///

///

///

///

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021).
[3] *COVID-19 Risks and Vaccine Information for Older Adults*, CDC, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last updated Aug. 2, 2021).
[4] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Aug. 26, 2021).
[5] *When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov /vaccines/fully-vaccinated.html (last updated Aug. 19, 2021).

3 – ORDER

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [397] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: August 27, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER