IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | OPINION & ORDER |
| Plaintiff, | No. 3:14-cr-00045-HZ-1 |
| v. | |
| TAQUARIUS KAREAM FORD, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

      Defendant Taquarius Ford moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] ECF 434. The Government opposes Defendant's motion. Because Defendant has not established extraordinary and compelling reasons for his release and a

---

[1] Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – OPINION & ORDER

reduction in his sentence would undermine the sentencing factors under 18 U.S.C. § 3553(a), the Court denies Defendant's motion.

## BACKGROUND

On December 21, 2016, a jury found Defendant guilty of one count of sex trafficking conspiracy, two counts of sex trafficking, and one count of obstruction. Jury Verdict, ECF 280. On November 16, 2017, the Court sentenced Defendant to a term of imprisonment of 400 months on the first three counts and 120 months on fourth count to be served concurrently, followed by supervised release for life. J. & Commitment, ECF 345. Defendant is currently incarcerated at Bennettsville FCI in South Carolina, and his projected release date is July 14, 2042. Govt. Resp. 2, ECF 435.

Defendant previously moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) in June 2021, which the Court denied on August 27, 2021. Order, ECF 411. After he filed the current motion on September 14, 2022, Defendant filed a "Supplemental Motion for Compassionate Release" on October 3, 2022, in which he asserts the same basis for sentence reduction. ECF 437. This Opinion addresses both pending motions.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the Court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant presents grounds for release that include having a serious physical or medical condition and being diagnosed with a terminal illness. Defendant claims that he suffers from asthma, bronchitis, obstructive sleep apnea, pulmonary disease, and myocardial infarction. He explains that on August 27, 2022, he was evaluated by prison medical staff for sharp, burning pain in his chest, shortness of breath, and disorientation. An electrocardiogram ("EKG") showed

"possible myocardial infarction." Defendant asserts that his diagnosis of myocardial infarction is a "heart attack," which is a terminal illness if left untreated. Defendant claims his medical condition represents an extraordinary and compelling circumstance that justifies compassionate release because he is receiving inadequate treatment in prison.

Defendant's medical records do not support the alleged severity of his medical conditions. Defendant's records show that during his clinic encounter for chest pain on August 27, 2022, he was pleasant, cooperative, and appeared well. His physical examination was normal and the provider's plan was to obtain a chest x-ray in a few days to assess his "pain upon deep breathing." Govt. Ex. A at 7-8. A chest x-ray done on August 29, 2022, was normal. *Id.* at 1. The provider notes from both visits make no mention of a heart attack. Records from a June 6, 2022 encounter show that Defendant has "mild sleep apnea by sleep study, CPAP not recommended immediately." *Id.* at 28. Regarding his asthma, the only treatment he receives asthma is an albuterol inhaler. *Id.* at 11. The Court finds that Defendant's medical conditions are not extraordinary and compelling reasons that would justify reducing his sentence.

In addition, a sentence reduction would undermine the sentencing factors under 18 U.S.C. § 3553(a). The nature and circumstances of Defendant's underlying offenses are significant. Defendant was convicted by a jury of two counts of sex trafficking and one count of sex trafficking conspiracy. He has almost twenty years remaining on his 400-month sentence. The sentence imposed by this Court reflects the seriousness of the offenses, affords adequate deterrence, protects the public from further crimes by the defendant. *See* 18 U.S.C. § 3553(a)(2). Defendant has not shown that he no longer poses a danger to the community, and reducing his sentence would undermine the sentencing factors under § 3553(a). As a result, the Court finds that a reduction in Defendant's sentence to time served is not warranted.

**CONCLUSION**

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [434] and DENIES Defendant's Emergency Supplemental Motion for Compassionate Release [437].

IT IS SO ORDERED.

DATED: October 27, 2022.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge